UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 3:19cr76-MCR

ANDREW E FISHER,

    Defendant.
_____/

## ORDER

Defendant Andrew E. Fisher argues that two Government exhibits are subject to exclusion on grounds of attorney-client privilege claimed by his corporation, PCP. *See* Gov't Exs. GX-5p, GX-5q. The Government responds, arguing that privilege has been waived by reason of a third-party disclosure because two non-corporate individuals were copied on the emails—namely, CPA Dennis Atkins and an individual named Darian Chandler. On preliminary review of the matter, the undersigned agrees with the Government that any privilege has been waived by the disclosure to a third party. First, while communications between middle and lower level employees and corporate counsel for the purpose of securing legal advice can be covered by the attorney-client privilege, *see Upjohn v. United States*, 449 U.S. 383, 396 (1981), Fisher has not indicated what Chandler's role was, and there is no

indication that he was an owner or employee of PCP or its parent corporation at the time of the disclosure.

Additionally, as to CPA Atkins, it is true that an exception to the third-party disclosure rule precludes a waiver of the attorney-client privilege where an attorney employs an accountant to assist him in providing full and informed legal advice. *See United States v. Kovel*, 296 F.2d 918, 922 (2d. Cir. 1961); *see also United States v. Pipkins,* 528 F.2d 559, 562 (5th Cir. 1976)[1] (adopting *Kovel* and stating, "[i]n appropriate circumstances the privilege may bar disclosures made by a client to non-lawyers who . . . had been employed as agents of an attorney"). But here, Fisher admits that PCP, not the lawyer, employed Atkins as an accountant.[2] Moreover, it is not apparent from the emails that Atkins's advice was being sought for purposes of obtaining legal advice by either the lawyer or PCP. *See Kovel,* 296 F.2d at 922 (noting that the presence of the accountant must be "necessary, or at least highly useful, for the effective consultation between the client and the lawyer"). Instead, it

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting the case law of the former Fifth Circuit before October 1, 1981, as precedent in this Circuit).

[2] Although Fisher argues that Atkins's role was "to provide tax and accounting advice to assist the law firm to provide the company and its control group with legal advice," ECF No. 76, at 3, this is mere attorney argument unsupported by any evidence or anything in the emails themselves. It is Fisher's burden to establish the existence of the privilege, and mere argument is insufficient.

CASE NO. 3:19cr76-MCR

appears he was copied on the emails possibly for his input regarding a business decision, which would not be not covered by the attorney-client privilege. *See generally, In re: Denture Cream Products Liability Litigation*, 2012 WL 5057844, at *6 (S.D. Fla. Oct. 18, 2012) ("The burden of proof rests squarely on the party claiming the attorney-client privilege to show that the primary purpose of the communication in question was for the purpose of obtaining legal advice, not business, advice.").

To the extent the undersigned has misinterpreted the limited facts presented, counsel will be permitted to present argument at the 8:00 a.m. attorney conference on Monday morning before trial.

**DONE AND ORDERED** this 28th day of February 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**