UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:19cr76-MCR

ANDREW E. FISHER
_____/

## ORDER

Defendant Andrew E. Fisher seeks to introduce certain emails during the Government's case-in-chief as "reverse 404(b)" evidence. In response, the Government argues that this evidence is impermissible character evidence and that Fisher should not otherwise be allowed to introduce a disproportionately large and cumulative number of exhibits during its case-in-chief.[1]

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The

---

[1] The Court notes that Fisher referenced various Federal Rules of Evidence, related to impeachment and hearsay, in his pretrial brief. To the extent the parties wish to argue the application of these rules to specific exhibits, they may do so at the attorney conference at 8:00 a.m. on Monday, March 2, 2020.

Eleventh Circuit has characterized Rule 404(b) as a rule of inclusion and has noted that "the list provided by the rule is not exhaustive and the range of relevancy outside the ban is almost infinite." *United States v. Culver*, 598 F.3d 740, 748 (11th Cir. 2010) (quoting *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989)). Notably, the Eleventh Circuit has recognized that a criminal defendant may present Rule 404(b) evidence concerning the prior bad acts of a witness, *see Cohen,* 888 F.2d at 776, which is sometimes referred to as "reverse" 404(b) evidence. *See United States v. Baptiste*, 935 F.3d 1304, 1310 (11th Cir. 2019) (quoting *United States v. Seal*s, 419 F.3d 600, 606 (7th Cir. 2005)). "[T]he standard for admission is relaxed when the evidence is offered by a defendant."[2] *Cohen*, 888 F.2d at 776. However, the defendant still must show that the evidence is not being offered "to prove the character of a person in order to show action in conformity therewith." *Id.* (quotations omitted). Furthermore, "[w]hen the proffered evidence is shown to have a special relevance to a disputed issue, the court must balance the probative value against the possibility of unfair prejudice." *Id.* When there is "simply no other

---

[2] In order for the Court to admit Rule 404(b) evidence offered by the Government: (1) "the evidence must be relevant to an issue other than the defendant's character;" (2) the Government must establish the act "by sufficient proof to permit a jury finding that the defendant committed the extrinsic act;" and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice" or other factors under Rule 403. *United States v. Matthews*, 431 F.3d 1296, 1310–11 (11th Cir. 2005) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (*en banc*)).

Case No. 3:19cr76-MCR

practical means to prove the point, then the need factor points strongly toward receipt of such evidence." *Id.* (quotations omitted).

Here, Fisher claims the emails at issue show that the Government's witnesses, including Scott Burton and Brad Hodgson, conducted a similar fraudulent scheme with another pharmacy before meeting Fisher. The Court agrees and finds this case similar to *Cohen*, in which the Eleventh Circuit found that the district court had committed reversible error when it excluded the defendant from introducing Rule 404(b) evidence showing that a key government witness conducted a similar fraudulent scheme before engaging in the fraudulent scheme at issue. *See Cohen*, 888 F.2d at 776–77. There, evidence that the witness "had the opportunity and ability to concoct and conduct the fraudulent scheme without the aid or participation of the [defendants] was relevant to the issue of their guilt." *Id.* at 776. Likewise, to the extent the evidence at issue here is offered to show that Burton, Hodgson, and others had the capacity and ability to conduct a similar scheme to defraud Tricare without Fisher's aid or participation, it is admissible as Rule 404(b) evidence relevant to Fisher's defense.[3] Furthermore, on the limited record before the Court, the

---

[3] The Government briefly argues that this evidence is impermissible character evidence "because evidence that a co-conspirator 'had previously deceived others could be construed as indicating . . . his propensity to do so again.'" ECF No. 79 at 9 (quoting *Baptiste*, 935 F.3d at 1310–11). In *Baptiste*, the Eleventh Circuit determined only that the district court did not clearly err when it excluded evidence that the defendant's co-conspirator "had duped others into

undersigned cannot, at this time, find that this evidence should be excluded under Rule 403.[4] That said, while the Court is inclined to allow Fisher to introduce Rule 404(b) evidence during his cross examination of these witnesses, the Court will not permit Fisher to hijack the Government's case. The trial court retains broad discretion "over the mode and order of examining witnesses and presenting evidence" as well as the scope of cross-examination. Fed. R. Evid. 611; *see also United States v. Jeri*, 869 F.3d 1247, 1262 (11th Cir. 2017) ("The trial court has broad discretion . . . to determine the permissible scope of cross-examination."). To the extent the introduction of this evidence would unduly extend what would otherwise be a cross examination reasonably based on the Government's direct

---

participating in similar [fraudulent] schemes." *Baptiste*, 935 F.3d at 1310–11. Notably, the court determined that such evidence could either be construed as permissible Rule 404(b) evidence showing the witness's *capacity* to defraud or impermissible character evidence showing his *propensity* to defraud. *See id.* at 1311. Because the evidence could be construed either way, the court determined that the district court did not clearly abuse its discretion in rejecting the evidence. *See id.* As noted, to the extent Fisher's evidence is offered to show the witnesses' capacity or ability to conduct a similar fraudulent scheme without his involvement, it is admissible under Rule 404(b). If the Government is concerned that the jury may view this evidence in another light, it may request an appropriate limiting instruction.

[4] The Court will need to hear more from the parties on how the evidence is planned to be used and its potential impact to rule definitely on whether its probative value is substantially outweighed by unfair prejudice, confusion, undue delay, etc. *See* Fed. R. Evid. 403.

Case No. 3:19cr76-MCR

examination, Fisher will be required to introduce this evidence in his own case.

**DONE AND ORDERED** this 1st day of March 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:19cr76-MCR